UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CARIE WARMACK-DINGLE,

                          Plaintiff

             vs

LEONA RIVKIN; THE CHILDREN'S PLACE
RETAIL STORES, INC.; TOWN OF NEW
HARTFORD; SCOTT A. ADSIT; MICHAEL T.
KOWALSKI; DANIEL APPLER; RICHARD
JONES; and MICHAEL S. INSERRA,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOYCE JACKSON,

                         Plaintiff,

             vs

LEONA RIVKIN; THE CHILDREN'S PLACE
RETAIL STORES, INC.; TOWN OF NEW
HARTFORD; JOHN DOE #1; JOHN DOE #2;
and JOHN DOE #3,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

5:03-CV-1200
(Lead Case)

**U. S. DISTRICT COURT
N. D. OF N. Y.
FILED**

**MAY 1 2 2005**

**AT _____ O'CLOCK _____ M
LAWRENCE K. BAERMAN, Clerk
UTICA**

5:03-CV-1202
(Member Case)

APPEARANCES:

COHEN & COHEN
Attorneys for Plaintiffs
Suite 505
258 Genesee Street
Utica, New York 13502

GOLDBERG, SEGALLA LLP
Attorneys for Defendant Rivkin
Suite 204
7 Southwoods Boulevard
Albany, New York 12211

OF COUNSEL:

RICHARD A. COHEN, ESQ.

LATHA RAGHAVAN, ESQ.

EUSTACE & MARQUEZ                          HEATH A. BENDER, ESQ.
Attorneys for Defendant Children's Place
1311 Mamaroneck Avenue
White Plains, New York 10605

LEVENE, GOULDIN & THOMPSON, LLP            DONALD M. FLANAGAN, ESQ.
Attorneys for Town of New Hartford Defendants   MARIA E. LISI-MURRAY
71 State Street
Binghamton, New York 13901

DAVID N. HURD
United States District Judge

## O R D E R

Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56.  Plaintiffs

oppose.  Oral argument was held on May 11, 2005, in Utica, New York

Plaintiffs Carie Dingle-Warmack ("Dingle-Warmack")[1] and Joyce Jackson were

shopping in The Children's Place in Sangertown Mall on June 23, 2003.  Defendant

Leona Rivkin ("Rivkin") misplaced a Gap shopping bag in the store.  Employees of the store

made slanderous statements to Rivkin that plaintiffs were "known to steal," and accused

plaintiffs of taking the missing bag.  Rivkin reported the possible larceny to Sangertown Mall

security which alerted Town of New Hartford police officers.  Three officers participated in a

stop and search of Dingle-Warmack's vehicle shortly after plaintiffs left the mall.

Plaintiffs' claims against the Town of New Hartford under §1983 fail as the Town

may not be held vicariously liable for the acts of its officers.  The remaining claims against

the Town are deemed abandoned as plaintiffs failed to respond to the Town's arguments to

dismiss.  All claims against the Town of New Hartford will be dismissed with prejudice.

---

[1]  Sued as "Warmack-Dingle."

Case 5:03-cv-01202-DNH-DEP   Document 24   Filed 05/12/05   Page 3 of 4

Plaintiffs' § 1983 claims against the individual police officers fail as the officers had probable cause to stop the vehicle, and Dingle-Warmack consented to the subsequent search.  The record clearly reflects that the vehicle was stopped both because the officers were informed that the occupants of the vehicle may have been involved in a recent larceny, and that the vehicle was not registered.  Dingle-Warmack testified at deposition that upon request, she handed defendant Officer Scott A. Adsit her shopping bag, and never protested a further search of her vehicle. (Dingle-Warmack Deposition Testimony, pp. 139 -144.)  By so acting, she gave an implied consent to search which was never revoked.  Under such circumstances, the officers would also be entitled to qualified immunity.  The claims against the officers will be dismissed with prejudice.

As defendants argue, there are insufficient facts to support § 1985 or § 1988 claims against any defendant.  Plaintiff failed to respond to these arguments.  These claims will also be dismissed with prejudice.

Plaintiffs have abandoned their § 1983 claims against The Children's Store and Rivkin.  There are no federal claims against them, and supplemental jurisdiction over the remaining state law claims of slander and false imprisonment is declined.  The state law claims will be dismissed without prejudice.  Plaintiffs' motion to amend the amended complaint is moot.

Therefore, it is

ORDERED, that

1.  The complaints in both cases are dismissed against defendants The Town of New Hartford, Scott A. Adsit, Michael T. Kowalski, Daniel Appler, Richard Jones, and Michael Inserra;

2.  The federal claims in both cases are dismissed against defendants Leona Rivkin and The Children's Place Retail Stores, Inc.; and

3.  The state law claims in both cases are dismissed against the defendants Leona Rivkin and The Children's Place Retail Stores, Inc. without prejudice.

The Clerk is directed to enter judgment accordingly, and close the file.

IT IS SO ORDERED.

United States District Court

Dated:   May 12, 2005
         Utica, New York.

- 4 -